UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MAINE ASSOCIATION OF RETIREES, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | Docket no. 1:12-cv-59-GZS |
| v. | ) ) | |
| BOARD OF TRUSTEES OF THE MAINE PUBLIC EMPLOYEES RETIREMENT SYSTEM, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR CLASS CERTIFICATION**

Before the Court is the Unopposed Motion for Class Action Certification (ECF No. 39). Having reviewed the Motion, along with the entire docket, the Court now GRANTS the Motion for reasons briefly explained herein.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 23 sets forth the prerequisites for certifying any class. Generally, Rule 23(a) requires any class to have (1) numerosity, (2) commonality, (3) typicality, and (4) an adequate class representative. See Campbell v. First American Title Ins. Co., 269 F.R.D. 68, 70-71 (D. Me. 2010) (citing Smilow v. Southwestern Bell Mobile Sys., 323 F.3d 32, 38 (1st Cir. 2003)). In addition to these four requirements, the proposed class must satisfy at least one of the subdivisions of Rule 23(b), which determines what type of class can be maintained. To certify a class under Rule 23(b)(2), as Plaintiffs attempt here, the Court must also find that Defendants have 'acted or refused to act on grounds that apply generally to the

class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P 23(b)(2).

It is Plaintiffs' burden to establish a basis for certification. As the Supreme Court has instructed, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, --- U.S. ---, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). Moreover, the Court must undertake "a rigorous analysis" of the prerequisites established by Rule 23. Id.; see also Campbell, 269 F.R.D. at 71 (quoting Smilow, 323 F.3d at 38). Nonetheless, at the class certification stage any inquiry into the merits is limited "to the extent that the merits overlap the Rule 23 criteria." Campbell, 269 F.R.D. at 71 (quoting In re New Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d at 24). However, "when a Rule 23 requirement relies on a novel or complex theory as to injury, ... the district court must engage in a searching inquiry into the viability of that theory and the existence of the facts necessary for that theory to succeed." Id. (quoting In re New Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d at 26).

Although the rule contemplates that the district court must decide whether to certify any case as a class action "[a]t an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), "[c]ourts may alter certification orders prior to final judgment." See Brown v. Colegio de Abogados, 613 F.3d 44, 46 (1st Cir. 2010) (citing Fed. R. Civ. P. 23(c)(1)(C)).

## II. DISCUSSION

Plaintiffs propose to certify a class defined as:

All retired State of Maine employees and public school teachers whose final termination of service occurred before June 20, 2011, and who had become eligible to receive service retirement benefits from the Maine Public Employees Retirement System no later than that date.

(Pls. Mot. for Class Certification at 2.)  Pursuant to the First Amended Complaint (ECF No. 33), Plaintiffs press claims for: (1) Violation of the Contracts Clause of the United States Constitution (Count I); (2) Violation of the Fifth Amendment of the United States Constitution (Count II); and (3) Violation of 42 U.S.C. § 1983 (Count III).[1]  Ultimately, Plaintiffs ask this Court to declare various provisions of Maine law, as passed by the Maine Legislature in 2011, unconstitutional and to order Defendants to make retroactive cost-of-living adjustments to their retirement benefits.  Plaintiffs also request statutory attorney's fees.

The Court readily finds that Plaintiffs satisfy the requirements of Rule 23(a).  First, there is numerosity based on Plaintiffs' uncontested assertion that the class consists of approximately 28,000 members—a number that makes joinder impracticable.  Second, there is commonality among the class members; each class member claims that Maine's 2011 Amendment amounts to a unconstitutional deprivation of the cost-of-living adjustments.  Third, the claims of the representative parties are typical of the claims of all class members.  The Motion proposes seven class representatives:  Sally Morrissey, Paul Lynch, Dorothy Davis, Catherine Richard, Robert Ruhlin, Philip Gonyar and Timothy Culbert.  The Court is satisfied that these seven representatives are not only typical but also adequate.  In short, their interests will not conflict

---

[1] The Court has not included in its list of class claims the two similarly worded claims under the Contracts Clause and Takings Clause of the Maine Constitution, which are listed in the Plaintiff-Intervenor's Complaint (ECF No. 36).  If Plaintiffs intend to press these claims as class claims, they shall amend the First Amended Complaint to make clear that all plaintiffs are pressing these claims.

with the interests of other class members. Additionally, the Court is satisfied that the counsel selected by Plaintiffs is "qualified, experienced and generally able to conduct the proposed litigation." Fed. R. Civ. P. 23(a)(4); see also Pls. Ex. A (ECF No. 39-1).

Turning to the requirements of Rule 23(b)(2), the Court is satisfied that Defendants have acted on grounds that apply generally to the class, so the final injunctive relief or corresponding declaratory relief will be the most appropriate remedy for the class if the class establishes liability on any of its common claims. Based on the parties' representation that any monetary relief associated with a judgment for the class would require only a "mechanical, objective calculation of benefits according to the pre-L.D. 1043 statutory formula," the Court currently sees no impediment to certifying the class under Rule 23(b)(2). (Pls. Mot. (ECF No. 39) at 10 n.3.)

In accordance with Rule 23(g) and absent any objection, the Court hereby appoints Attorneys James Kilbreth and George Royle of Drummond, Woodsum & MacMahon as well as Attorneys Jeffrey Young and Carol Garvan of McTeague Higbee, Case, Cohen, Whitney & Toker, P.A. to act as class counsel. In making this appointment, the Court has given due consideration to all of the factors listed in Rule 23(g)(1).

## III. CONCLUSION

For reasons just explained, the Court GRANTS WITHOUT OBJECTION Plaintiffs' Motion for Class Action Certification (ECF No. 39). This case shall proceed with Sally Morrissey, Paul Lynch, Dorothy Davis, Catherine Richard, Robert Ruhlin, Philip Gonyar and Timothy Culbert acting as class representatives for the following class:

> All retired State of Maine employees and public school teachers whose final termination of service occurred before June 20, 2011, and who had become eligible to receive service retirement benefits from the Maine Public Employees Retirement System no later than that date.

  Attorneys James Kilbreth and George Royle of Drummond, Woodsum & MacMahon as well as Attorneys Jeffrey Young and Carol Garvan of McTeague Higbee, Case, Cohen, Whitney & Toker, P.A. are hereby appointed as class counsel. On or before January 25, 2013, each class counsel shall indicate whether he or she intends to simultaneously represent any of the three organizational plaintiffs, which remain listed on the docket but are not members of the class, in addition to fulfilling their duties as class counsel. Given the number of attorneys being appointed as class counsel, the Court expects that counsel will be diligent in coordinating their work so as to avoid unnecessary duplication of efforts. See Fed. R. Civ. P. 23(g)(1)(C)&(D).

  Under Rule 23(c)(2)(A), the Court need not immediately direct notice to class members in this case. However, on or before January 25, 2013, class counsel shall file a proposal for appropriate notice to the class in this action with said proposal indicating both a method and time for notifying the class of this action.

  SO ORDERED.

                /s/ George Z. Singal
                United States District Judge

Dated this 20th day of November, 2012.