UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAINE ASSOCIATION OF RETIREES, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>)   Docket no. 1:12-cv-59-GZS |
| v. | )<br>) |
| BOARD OF TRUSTEES OF THE MAINE PUBLIC EMPLOYEES RETIREMENT SYSTEM, | )<br>)<br>)<br>) |
| Defendant. | ) |

**PROCEDURAL ORDER**

In accordance with the Court's November 20, 2012 Order Certifying Class (ECF No. 43), the Court has before it Class Counsel's Proposal Regarding Class Notice and Notice Regarding Organizational Plaintiffs (ECF No. 47).

For reasons adequately stated in this Notice, the Court determines that it is not necessary to order individual notice to all class members at this time. The Court is satisfied that all class members have had notice of the injury for which the Class seeks redress and also that the four organizational Plaintiffs (Maine Association of Retirees, Maine States Employees Association, Maine Education Association, and Maine State Troopers Association) have provided informal notice to all potential class members regarding this pending case. The parties and counsel are hereby notified that the Court may require additional notice to the Class at a later time.

To the extent that Class Counsel's Notice also requests that Maine Association of Retirees ("MAR") be appointed a class representative, the Court finds no basis for granting such a request. Under the current definition of the Class, MAR does not qualify as a class member as this organization is neither a State of Maine employee nor a public school teacher whose final

termination of service occurred before June 20, 2011.  See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011) ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.") (*quoting* East Tex. Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403 (1977) & Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974)).  The Court does note that any omission of MAR from its prior Order Certifying Class was inadvertent.  The Court considers MAR to have the same standing in this case as the other organizational Plaintiffs.

To the extent that each Class Counsel in this case has indicated that he or she will also continue to additionally represent one or more organizational Plaintiffs (ECF Nos. 46 & 47) , the Court notes that should Class Counsel seek attorneys' fees at any point in this action, they will be required to provide a full accounting of fees that were charged to each organizational Plaintiff before the Court will consider awarding any fees for work done in accordance with their appointment under Rule 23(g).

SO ORDERED.

      /s/ George Z. Singal       
United States District Judge

Dated this 30th day of January, 2013.